# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS AT WITCHITA

| | | |
|---|---|---|
| BRENT BARKER | : | Case No.:_13-CV-1367-MLB-KGG |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| -against- | : | |
| | : | |
| MATTHEW, THOMAS, & ASSOCIATES, | : | COMPLAINT AND |
| LLC | : | DEMAND FOR JURY TRIAL |
| Defendant. | : | |
| | : | |

Plaintiff, BRENT BARKER, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, MATTHEW, THOMAS, & ASSOCIATES, LLC, (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendants' violation of 15 U.S.C. § 1692 *et seq*., Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a natural person who at all relevant times has resided in the City of Hutchinson, Reno County, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant is a company doing business in the State of Kansas, with an address of 335 N. Washington Street, Suite 110B, Hutchinson, Kansas 67502 and has acted as a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

6.     The alleged debt is subject to personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

7.      On or about, April 30, 2013, Defendant contacted Plaintiff's mother in an attempt to collect an alleged debt.

8.     In that conversation, Defendant disclosed to Plaintiff's mother that Plaintiff owed a debt.  Also, Defendant stated to Plaintiff's mother that Defendant's employer was Matthew, Thomas, & Associates.  Plaintiff's mother did not request Defendant to identify his employer.

9.     Immediately after the call, Plaintiff's mother forwarded the following text message to Plaintiff, "Got a phone call from Greg Zimmerman regarding you.  He works for Matthew, Thomas & Associates.  It was about an outstanding bill for (I think) a rental place that you and Shelley signed.  I wouldn't give him any info about you, including your marriage.  You can call 785-422-1342.  He said to ask for him."

10.     As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692b(1)

11.     Plaintiff repeats the allegations contained in paragraphs 1 through 10 and incorporated them as if the same were set forth at length herein.

2

12.     On or about, April 30, 2013, Defendant contacted Plaintiff's mother in an attempt to collect an alleged debt.   In that conversation, Defendant disclosed to Plaintiff's mother that Plaintiff owed a debt.  Also, Defendant stated his employer was Matthew, Thomas, & Associates without it being requested.

13.     Upon information and belief, Defendant violated the Fair Debt Collection Practices Act by contacting a third party and identifying one's employer without a specific request.

14.     Defendant's communication in contacting a third party and identifying one's employer without a specific request, is in violation of 15 U.S.C. §1692b(1).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692b(2)

15.     Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporated them as if the same were set forth at length herein.

16.      On or about, April 30, 2013, Defendant contacted Plaintiff's mother in an attempt to collect an alleged debt.   In that conversation, Defendant disclosed to Plaintiff's mother that Plaintiff owed a debt.  Also, Defendant stated his employer was Matthew, Thomas, & Associates without it being requested.

17.     Upon information and belief, Defendant communicated to a third party that the consumer owes a debt.

18.     Defendant communicating to a third party that the consumer owes any debt, is in violation of 15 U.S.C. §1692b(2).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19.     Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporated them as if the same were set forth at length herein.

20.      As a proximate consequence and as a result of Defendant's harassing phone call to Plaintiff's mother, Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse, coerce and create great mental and physical pain and damage. Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, and caused to suffer great fear, fright, and intimidation.

21.     As a proximate consequence of Defendants' intentional infliction of emotional distress, Defendants have caused Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT IV
## NEGLIGENT SUPERVISION

22.     Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporated them as if the same were set forth at length herein.

23.     As a proximate consequence and result of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq., and Intentional Infliction of Emotional Distress, as delineated in Counts I, II, and III, Defendants' actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

24.     Defendants had notice or knowledge, either actual or presumed, of their servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature,

character, and frequency that Defendants in the exercise of due care must have had notice of such action.

## JURY TRIAL DEMAND IN WICHITA, KANSAS

25.    Plaintiff demands a trial by jury on all issues so triable in Wichita, Kansas.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a)    That an order be entered declaring the Defendant actions, as described above, are in violation of the FDCPA;

b)    That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c)    That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

d)    That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and

e)    That the Court grant such other and further relief as may be just and proper.

Dated:                                        Respectfully Submitted,

/s/ Camron Hoorfar, J.D. LL.M.
Attorney for Plaintiff
202 SW Market Street
Lee's Summit, MO 64063
Ph: (816) 524-4949
Fax: (816) 524-4963
Choorfar@hoorfarlaw.com

5